TIMOTHY H. TEALL, Respondent, v. THE CONSOLIDATED ELECTRIC LIGHT COMPANY, Appellant.

*Court of Appeals, March 18, 1890.*

Affirming, 50 Hun, 602, Mem.

1. *Pleading. Burden of Proof.*—Where, in an action to recover compensation for services and expenses, under a contract, defendant admitted that a contract had been made, but denied that plaintiff had rendered services under it, and alleged that the contract in suit was made with another party, etc., the plaintiff started on the trial with his contract admitted, and the burden was on the defendant to prove, in order to avoid the binding obligations of such contract, the matters alleged in the second portion of the answer.
2. *Appeal.*—The trial court, in making a right ruling upon an erroneous theory, or upon an erroneous assumption, commits no error for which his decision can be reversed.
3. *Same.*—Where the plaintiff does not allude, on the trial, to the admission of a contract in the answer, but gives proof of the execution of the contract by defendant, and the court directs a verdict for plaintiff; he has the right, though the court may have been in error in holding the contract proved, to avail himself of the admission to sustain the ruling on appeal, even though it was not taken into consideration by the court below.
4. *Same.*—But *it seems* that if the case had been submitted to the jury upon the evidence, and they had rendered a verdict for the defendant, the plaintiff, having acted upon the theory that the contract was in issue, could not, upon appeal or motion to set aside the verdict, have relied upon the admission.
5. *Trial. Question for the jury.*—Where the plaintiff, in his complaint, admitted a payment of $200, and on the trial testified that it was only $100, and was allowed to amend accordingly, and the defendant did not allege payment in his answer nor prove any larger sum on the trial, there was nothing, in regard to this matter, for submission to the jury.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict directed by the court.

*Chas. C. Bull*, for appellant.

*George H. Sears*, for respondent.

EARL, J.—This action was brought by the plaintiff to recover compensation for his services and expenses while in the employment of the defendant under a contract with it. The principal contention of the defendant is, that it made no contract with the plaintiff, and that he rendered no services for it. The plaintiff in his complaint alleges as follows : " That on or about the 20th of June, 1884, said defendant, through its duly authorized acting officer and agent, entered into an agreement or contract with this plaintiff, by which said defendant hired and employed said plaintiff as its agent or servant for six months from said 20th of June, 1884, to engage in the selling of electric lighting plants, electric machinery, etc., and agreed to pay said plaintiff for his services therefor for the first three months at the rate of $1,500 per annum, and three dollars per day towards traveling expenses, and for the three ensuing months at the rate of $1,800 per annum, with three dollars per day towards traveling expenses, with also a commission of ten per cent, on all sales of dynamos, lamps and switches made by plaintiff during said period, said plaintiff to visit such places and work where he in his judgment deemed it best for the interest of both parties and also where defendant should direct." And he further alleges that he entered upon the performance of his contract and worked for the defendant under the same from June 20th to December 20th, 1884, and during that time expended a large sum of money in traveling and other expenses. The defendant's answer in the portion thereof marked " I " contains the following: " This defendant admits that a contract or agreement was made between and by the parties to this action, in form as stated in the complaint in this action, but this defendant denies that the plaintiff rendered any services under said contract, or that this defendant paid the plaintiff the moneys

alleged in the said complaint to have been paid to the plaintiff, or any sum of money whatever, and this defendant denies that there is due and owing to the plaintiff any sum of money by reason of any of the matters alleged in the complaint herein." And then in the portion thereof marked " II " the following is found : " And for a second and separate defense, this defendant denies that the contract in suit was made by or through any authorized officer or agent of this defendant, but this defendant alleges and avers that the contract in suit was signed and executed on the part of this defendant by its vice-president, Hugh R. Garden, without authority and through a mutual mistake, that the plaintiff well knew and the said Garden well knew at the date of execution of said contract that the Sawyer-Man Illuminating Company, Limited, a corporation organized and incorporated under the laws of the state of New York, of which the said Hugh R. Garden was then and still is the secretary and treasurer, was licensed by deed of grant by the defendant herein prior to the execution of the contract set out in the complaint herein, to sell and vend in the states of New York, New Jersey and Connecticut the goods, wares, merchandise and manufactures described in the complaint herein, and that the services of said plaintiff were desired for and on behalf of said Sawyer-Man Illuminating Company, Limited.

"And that all the services set out in the complaint, so far as they were rendered, were rendered to and on behalf of the Sawyer-Man Illuminating Company, Limited ; that the said mutual mistake was recognized and acknowledged by the parties to said contract, and upon the discovery of said mistake, and before the plaintiff had made any sales or rendered any services, he adopted the title of agent of the Sawyer-Man Illuminating Company, Limited; that all sales made by the plaintiff, and all contracts entered into by him in the employment set out in the complaint herein, were made by him as agent of the Sawyer-Man Illuminating Company, Limited ; that the moneys alleged to have been received by

him from this defendant were in truth and in fact paid to him by and on behalf of the Sawyer-Man Illuminating Company, Limited, his employer."

It is now claimed on behalf of the plaintiff that the contract alleged by him was admitted by the answer; and certainly no admission could be more explicit if the first part of the answer be read alone. There the defendant admits that the contract alleged in the complaint was made " between and by the parties to this action," and it denies that the plaintiff rendered any services under the contract. The answer is under oath, and that portion of the answer must, if possible, in some way be reconciled with the allegations contained in the second portion of the answer. In that portion there is an implied admission that the contract alleged by the plaintiff was made, as it speaks of "the contract in suit," and denies that it was made by or through any authorized officer or agent of the defendant, and avers that it was signed and executed on the part of the defendant by an officer without authority, and by a mutual mistake. There is no direct denial that such a contract was in some way, by ratification or otherwise, made. Taking the whole of the second part of the answer, we think that there is an implied admission that such a contract was made, but that it was made through a mutual mistake, and that the matters therein alleged were intended as an affirmative defense, which the defendant was bound to prove. The plaintiff had the right to start upon the trial with his contract distinctly and clearly admitted, and it rested upon the defendant to prove the matters alleged in the second portion of the answer to avoid the binding obligations thereof. The trial judge, therefore, committed no error in holding that the contract was conclusively established.

It is true that at the trial the plaintiff's counsel did not, so far as appears in the record, allude to the admission of the contract contained in the answer, and that he gave evidence of the actual execution of the contract; and when the trial

judge ordered a verdict for the plaintiff it does not appear that he took any notice of the admission in the answer, and he may have acted entirely upon the evidence. But in holding that the contract was established, even if he did not take into account the admission in the answer, but made a right ruling upon an erroneous theory, or upon an erroneous assumption, he committed no error for which his decision could be reversed. If, however, the case had been submitted to the jury upon the evidence and they had rendered a verdict for the defendant, it is quite probable that the plaintiff could not, upon appeal, or upon a motion to set aside the verdict, have relied upon the admission in the answer which was not called to the attention of the court or the opposite party at the trial. In such a case if the plaintiff at the trial acted upon the theory, and permitted the defendant and the court to act upon the theory, that the contract was in issue, he would not be permitted to change his position after verdict. But here this court is asked to reverse a judgment which is absolutely right upon an express admission made in the answer, and with that admission there certainly can be no allegation of error.

The defendant upon the trial gave no evidence of the affirmative defense set out in the second portion of the answer. It is undisputed in the evidence that the plaintiff entered upon the performance of his contract, and thereafter acted under the direction of defendant's officers, and performed the very services mentioned in the contract, and there is no proof whatever that he neglected or refused to perform any part of the contract, and therefore there was nothing in reference to his performance for submission to the jury.

The claim of the defendant that it should have been permitted to go to the jury upon the question whether $200 or $100 had been paid to the plaintiff is wholly unfounded. The payment was matter of defense and was not alleged in the answer. On the contrary, the defendant denied that

it had made any payment. The plaintiff admitted in his complaint that he had been paid $200, but upon the trial he testified that it was but $100, and the court allowed him to amend his complaint accordingly. There was no proof upon the part of the defendant that any larger sum had been paid, and, therefore, in regard to that, there was nothing for submission to the jury.

We are, therefore, of opinion that the judgment should be affirmed with costs.

All concur.